**Bridgey Lucy, Administratrix, Plaintiff in Error, v. Jake A. Eulberg, Defendant in Error.**

**Gen. No. 5250.**

Instructions—*when peremptory may be given; when not.* Upon a motion to direct a verdict for the defendant the court is not at liberty to determine that there is more evidence to support a theory of the case favorable to the defendant than there is to support a

theory favorable to the plaintiff. If from the evidence introduced by the plaintiff, the jury could without acting unreasonably in the eye of the law find all the material averments of some one count of the declaration proved, then the trial judge is not at liberty to direct a verdict at the close of plaintiff's case. If, however, a verdict for the plaintiff based upon these proofs, would be unreasonable and could not be supported, then the court may direct a verdict for the defendant.

Action in case. Appeal from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

M. H. CLEARY and W. SPENSLEY, for plaintiff in error.

SHEEAN & SHEEAN, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Michael T. Lucy was night engineer and Jake A. Eulberg was day engineer in the brewery of Eulberg & Sons at Galena. On the evening of July 4, 1908, while Lucy was on duty in the engine room or boiler room, a revolver or "gun" in the hands of Jake A. Eulberg was discharged and a bullet therefrom was lodged in the back of Lucy, inflicting a wound from which Lucy died two weeks later. His administratrix brought this suit against Jake A. Eulberg to recover the damages sustained by his widow and children by the loss to their means of support by reason of his death. The declaration charged that defendant carelessly and negligently handled said pistol which was then and there loaded with a bullet, and that by such negligent management and handling defendant caused and permitted said pistol to be discharged and said Michael T. Lucy to be shot and wounded, from which he afterwards died. Defendant pleaded not guilty. At the trial plaintiff called defendant as a witness and he was the only witness to the circumstances of the

shooting. At the close of plaintiff's evidence the court on motion of the defendant directed a verdict of not guilty, which was entered. A motion by plaintiff for a new trial was denied, defendant had judgment and plaintiff sues out this writ of error to review said judgment.

Upon a motion to direct a verdict for defendant, the court is not at liberty to determine that there is more evidence to support a theory of the case favorable to the defendant than there is to support a theory favorable to plaintiff. If from the evidence introduced by the plaintiff, the jury could without acting unreasonably in the eye of the law find all the material averments of some one count of the declaration proved, then the trial judge is not at liberty to direct a verdict at the close of plaintiff's evidence. If, however, a verdict for plaintiff, based upon those proofs, would be unreasonable and could not be supported, then the court may direct a verdict for defendant. In this case the fact, which was proved, that at the time the gun was discharged it was held in the hand or hands of defendant, and that the bullet therefrom entered the body of Lucy in the back, would make it not unreasonable that the jury should find that defendant caused the weapon to be discharged and that at the time the barrel was pointed towards Lucy. The fact that they were friends would make it not unreasonable that the jury should conclude that defendant did not intend to shoot Lucy. The proof was that the parties had been together during the day; that defendant had fired some 300 blank cartridges from his gun and it was dirty; that when defendant went off duty at night, Lucy bantered him to come back after supper and shoot at a mark which Lucy prepared; that defendant said his gun was too dirty; that Lucy told him to come back after supper and he would clean the gun for him; that defendant did come back after supper and the gun was emptied of cartridges and Lucy cleaned it and handed it back to defendant open and unloaded; that they were

then in the boiler room and that it was quite light there at about six o'clock; that Lucy then went about the boiler room doing various things in the line of his duty; that defendant turned the barrel towards a place a few feet distant from where Lucy then was and put one cartridge in the gun and closed it and thereafter immediately the shot was fired, and defendant then found that Lucy had left the place where he had been a moment before and had gone to a certain vent on the feed pump and boiler front, and had there received the bullet, while performing some duty in connection with said vent. It is obvious that defendant could have pointed the gun in a direction entirely away from Lucy while he was loading it. We cannot say that it would be unreasonable for the jury to find that defendant was negligent in pointing the barrel towards a place where Lucy might at any instant be in the discharge of his duty, and although defendant testified that the gun discharged itself, yet we cannot say that under this evidence it would be unreasonable for the jury to find that the defendant either pulled the trigger or was in some other way responsible for its discharge. Defendant's counsel contend that if Lucy had looked at defendant while he was loading the gun, he could have seen in what direction the barrel was pointed and should have kept out of the range of the gun. The proof, however, tends to show that after handing defendant the open gun, unloaded, Lucy moved from place to place performing his duties about the boilers, and the jury might reasonably find that due care did not require Lucy to watch defendant and that he had no reason to anticipate that the barrel would be pointed in the direction where he was at work. We therefore conclude that a verdict for plaintiff upon this evidence would not have been unreasonable. Defendant's counsel have other theories, but we are of opinion that the state of the evidence was such that the court was not warranted in deciding between these conflicting theories, but should have submitted

them to the jury. Defendant's counsel call attention to the fact that Lucy was 57 years old, while defendant was only 23 years old, and also that it was at the solicitation of Lucy that defendant came to the boiler room that evening and brought his gun. We are of opinion that there is nothing in those circumstances which weakened plaintiff's case or authorized the court to take the case from the jury.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*